THE ATLANTIC & PACIFIC TELEGRAPH COMPANY, Respondent, *v.* THE BALTIMORE & OHIO RAILROAD COMPANY, Appellant.

An injunction order having been issued in this action, restraining defendant, its officers, etc., from doing certain acts, an order was subsequently granted, directing that an attachment as for contempt issue against G., its president, returnable at Special Term, at a day named. *Held*, that the order affected no substantial right of defendant; and, therefore, was not reviewable upon appeal by it to this court.

The question of the jurisdiction of the court over the subject-matter of an action, at least in a case not free from doubt, does not properly arise on a motion to set aside the summons; the legality and regularity of the service are the only points to be considered.

(Argued December 6, 1881; decided January 17, 1882.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made January 6, 1881, which reversed two orders of Special Term, one of which denied a motion for an attachment against John W. Garrett, defendant's

president, and the other set aside the summons and complaint, and an injunction herein, and the service thereof, "on the ground of want of jurisdiction." The General Term order also directed that an attachment as for contempt, issue against said Garrett, returnable at Special Term, at a day named. (Reported below, 14 J. & S. 377.)

This action was brought to restrain defendant from interfering with lines of telegraph or telegraph wires owned or operated by plaintiff. A temporary injunction was granted, which, with the summons and complaint, was served upon John W. Garrett, defendant's president, in this State. Subsequently an order was granted, among other things requiring said Garrett to show cause why he should not be punished as for a contempt in violating the said injunction. The motion thereon was made at the same time with a motion on the part of plaintiff to set aside the summons, complaint and injunction, and the service thereof, on the grounds, among others, that the service upon Garrett was obtained by fraud; that the court did not acquire jurisdiction by delivery of the summons to Garrett, and that it was apparent, upon the face of the papers, that the court had not jurisdiction of the case. Upon these motions, the Special Term orders above stated were granted.

*William Dorsheimer* for appellant. Defendant being a foreign corporation and the action being local and not transitory, the Superior Court had not jurisdiction. (*Gibbs* v. *Queens Ins. Co.*, 63 N. Y. 114; *Pennoyer* v. *Neff*, 5 Otto, 714; *Watts* v. *Kinney*, 6 Hill, 83; *People* v. *The Central R. R. Co. of N. J.*, 42 N. Y. 283; *Northern Indiana R. R. Co.* v. *The M. C. R. R. Co.*; 15 How. [U. S. S. C.] 233, 242, 243, 244.)

*Everett P. Wheeler* for respondent. The Superior Court had jurisdiction of the subject-matter. (*Child* v. *Chappel*, 9 N. Y. 246; *Dietrich* v. *Berk*, 24 Penn. St. 470; *Shafer* v. *Smith*, 7 H. & J. 67; *Morgan* v. *Boyes*, 65 Me. 125; *Smith* v. *Slocomb*, 77 Mass. 285; *Rathbone* v. *McConnell*, 21 N. Y. 466; Bispham on Equity, § 47; *Gardner* v. *Ogden*, 22 N. Y.

324; *Baldwin* v. *Talmage*, 7 S. & R. 400; *Muller* v. *Downs*, 4 Otto, 444; *McGrath* v. *R. R. Co.*, 55 Penn. St. 189; 3 Kent, 463; *Massie* v. *Watts*, 6 Cranch, 148; *Ward* v. *Arredondo*, 1 Hopk. Ch. 213; *Mitchell* v. *Bunch*, 2 Paige, 606; *Bailey* v. *Rider*, 10 N. Y. 363; *Fenner* v. *Sanborn*, 37 Barb. 610; *Newton* v. *Bronson*, 13 N. Y. 587; *Sutphen* v. *Fowler*, 9 Paige, 280; *Cleveland* v. *Burrill*, 25 Barb. 532; *Myers* v. *Mier*, 4 Daly, 343; *Williams* v. *Fitzhugh*, 37 N. Y. 444.) It also had jurisdiction of the person. (Old Code, § 427; New Code, § 263, subd. 7; *Hillier* v. *R. R. Co.*, 70 N. Y. 223–227; *Demarest* v. *Wynkoop*, 3 Johns. Ch. 142; *Encking* v. *Simmons*, 28 Wis. 272; *Warfield* v. *Fox*, 53 Penn. St. 382; *Lafayette Ins. Co.* v. *French*, 18 How. [U. S.] 404; *Dryden* v. *Grand Trunk R.*, 60 Me. 512; *Cowell* v. *Springs Co.*, 10 Otto, 55; *Newby* v. *Van Oppen*, L. R., 7 Q. B. 293; *B. & O. R. R. Co.* v. *Haines*, 12 Wall. 65.) The court at Special Term should not, on a motion, so far as the jurisdiction is concerned, pass upon conflicting statements in affidavits. (*Johnson* v. *Adams T. Co.*, 14 Hun, 89.) If the Superior Court had jurisdiction of the subject-matter of the action, its jurisdiction attached the moment the chief justice signed the order. (New Code, § 416.) Whether the injunction order was in any respects irregular, or whether it was regularly served or not, is immaterial if the court had jurisdiction to grant it, and if the defendant, in any way, became aware of the fact that it had been granted. (*Davis* v. *The Mayor*, 1 Duer, 415, 492; *Mayor* v. *Ferry Co.*, 64 N. Y. 622; affirming 8 J. & S. 300, 315; *People* v. *Sturtevant*, 9 N. Y. 263, 278; affirming *S. C. sub nom. People* v. *Compton*, 1 Duer, 513; *Rorke* v. *Russell*, 2 Lans. 242; *People* v. *Brower*, 4 Paige, 405; *Mayor* v. *Ferry Co.*, 64 N. Y. 622; *Billings* v. *Carver*, 54 Barb. 40.)

Rapallo, J. The appeal from that part of the order which directs that an attachment issue against John W. Garrett should be dismissed. No adjudication upon the subject of the alleged contempt has been made, and the order is simply that Mr. Garrett be brought into court to answer the charge. This

order affects no substantial right of the Baltimore & Ohio Railroad Company, and it cannot, at this stage of the matter, appear that any such right will be affected by the action of the court.

So far as the personal rights of Mr. Garrett are concerned, they are not before us. He has not appealed from the order, and therefore the question does not arise, whether he could appeal from it in the present condition of the proceeding.

So much of the order appealed from, as relates to the motion to set aside the service of the summons, should be affirmed, with costs. The interesting questions which have been discussed in relation to the jurisdiction of the court over the subject-matter of the action may have been involved in the motion for the injunction, but they do not properly arise on the motion to set aside the service of the summons. The legality and regularity of the service are the only points to be considered. Perhaps in a case free from doubt, the court might dismiss the whole proceeding on a motion to set aside the service of the summons, but the regular mode of raising the questions discussed, is by demurrer, or answer, and we do not now pass upon them.

In this case the service was made in the manner authorized by section 432, subdivision 1, of the Code of Civil Procedure.

The allegation of fraud in obtaining the service was not sustained by the General Term upon the facts; and we should not interfere with its decision upon the facts, even if we considered that the allegations were sufficient in law to invalidate the service.

The respondent should have but one bill of costs upon this appeal.

All concur.

Ordered accordingly.