LUCY C. BIERSTADT, Respondent, *v.* CHARLES BIERSTADT, Appellant.

*Action for a separation — it is maintainable where both the parties are residents of the State when it is begun.*

The proper construction of section 1763 of the Code of Civil Procedure, relating to an action for a separation between husband and wife, is as follows:

Where both parties are residents of the State of New York when the action is commenced, the action can be maintained without reference to the time during which either of them may have resided in the State.

*Semble,* that where the marriage takes place within the State, a plaintiff, who is a resident of the State when the action is commenced, may maintain the action against a non-resident defendant, without reference to the length of time of the plaintiff's residence, and without showing that the defendant ever resided within the State.

*Semble,* that where the parties were married without the State the plaintiff can maintain such an action in the State against a non-resident defendant, only when the parties have at some time been residents of the State for at least a year, and the plaintiff must be a resident of the State when the action is commenced.

*Ramsden* v , *Ramsden* (28 Hun, 285), not followed.

APPEAL by the defendant, Charles Bierstadt, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 2d day of February, 1898, directing him to pay the plaintiff alimony and counsel fees.

*S. J. Lawrence,* for the appellant.

*Frank C. Ferguson,* for the respondent.

GREEN, J. :

This action was brought by the plaintiff against her husband for a separation from bed and board. The marriage was contracted in the State of Connecticut, but both parties were actual *bona fide* residents of this State at the time the action was commenced. The defendant had resided within this State for a number of years, and the plaintiff had resided here for a period of less than one year at the time of the commencement of the action. An order for alimony *pendente lite* having been granted by the Special Term, the defendant appeals to this court and demands a reversal of the order, upon the ground that the court has no jurisdiction of the action.

Appellant bases his contention upon subdivision 3 of section 1763 of the Code of Civil Procedure, and makes the assertion that, although the parties were residents of the State when the action was commenced (Subd. 1), still, in order to confer jurisdiction upon the court, both parties must have become, and continued to be, residents for the period of one year previous to the commencement of the action. In support of this contention reliance is placed upon the opinion delivered in the case of *Ramsden* v. *Ramsden* (28 Hun, 285), which, it must be conceded, supports the position taken by the appellant. In that case the decision reversing the order granting the plaintiff alimony was placed upon two grounds: *First*, that no cause of action was set forth in the complaint; *secondly*, that the court had no jurisdiction, because the marriage was contracted in a foreign State, and both parties had not resided here for one year, although both were residents when the action was instituted. Upon appeal, the order of the General Term was affirmed in 91 New York, 281, upon the first ground stated, "without considering, therefore, whether the residence of the plaintiff has been sufficient to give the court jurisdiction."

The counsel for the respondent earnestly contends that the decision of the General Term, in giving such an interpretation to the provisions of section 1763, is erroneous, and, therefore, it becomes necessary to examine the grounds upon which that decision is based.

Section 1763 of the Code of Civil Procedure is as follows: "Such an action may be maintained in *either* of the following cases:

"1. Where both parties are residents of the State when the action is commenced.

"2. Where the parties were married within the State, and the plaintiff is a resident thereof when the action is commenced.

"3. Where the parties having been married without the State, have become residents of the State, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced."

This action is founded upon the provisions of the Revised Statutes, which, in so far as the question presented is concerned, are substantially the same.

The Revised Statutes provide that "a separation from bed and board forever, or for a limited time, may be decreed by the Court

of Chancery, on the complaint of a married woman in the following cases :

" 1. Between any husband and wife inhabitants of this State.

" 2. Where the marriage shall have been solemnized, or shall have taken place within this State, and the wife shall be an actual resident at the time of exhibiting her complaint.

" 3. Where the marriage shall have taken place out of this State, and the parties have become and remained inhabitants of this State at least one year, and the wife shall be an actual resident at the time of exhibiting her complaint." (2 R. S. 146, § 50.)

And by section 57 it was declared that, if a married woman, at the time of exhibiting a bill against her husband shall reside in this State, she shall be deemed an inhabitant thereof, although her husband may reside elsewhere.

The 1st and 2d subdivisions of section 50 were taken from the Revised Laws of 1813 (Vol. 2, p. 200), but the 3d subdivision was incorporated as a new provision, because (as the revisers state) it was " necessary to supply an omission." (Revisers' Notes, 3 R. S. [2d ed.] 662.)

It is, therefore, evident that, prior to the enactment of the Revised Statutes, there could have been no doubt, whatever, that the residence or inhabitancy of both parties at the time of the institution of the suit, was sufficient to confer jurisdiction upon the court without regard to the duration of such residence, or the place where the marriage was contracted. Clearly it was not the intention of the revisers to take away or subtract from the jurisdiction conferred by the act of 1813, but, on the contrary, it was their evident purpose to supply an omission in the existing law and to confer jurisdiction in cases not theretofore provided for.

What was the omission that it was deemed necessary to supply ? Having provided for jurisdiction in cases where both parties are inhabitants, it was deemed expedient to make provision for cases in which both parties are not inhabitants ; and so it was declared, by the 2d clause, that the residence of the plaintiff alone should suffice, provided the marriage was solemnized within the State. This, as we have stated, was but a re-enactment of the prior statute. But, as there was no provision for a case where the marriage took place out of the State, and both parties were not residents at the

time of the commencement of the suit, it was deemed necessary or proper to supply the omission. It was accordingly declared, in effect, that, if the plaintiff is an actual resident at the time the suit is brought, jurisdiction shall attach, provided, however, that both parties have become and remained inhabitants of the State for the period of one year.

This clause was manifestly designed to provide for the case where the defendant is not a resident of the State when the suit is commenced; in other words, the purpose of the 2d and 3d clauses was to provide for the case where both parties are not resident. If the marriage has been contracted within the State, the period of the parties' residence is immaterial; but if solemnized out of the State, it is required, in order to maintain an action against a non-resident defendant, that both parties should, at some time, have become and remained inhabitants for the period of one year.

The statute provides for two distinct classes of cases : *First*, where jurisdiction depends upon the residence of both the plaintiff and defendant, within the forum, at the time of the commencement of the action ; *secondly*, where jurisdiction depends upon the residence of the plaintiff alone, within the forum, at the time when the action is commenced.

The 2d and 3d clauses provide for the latter class of cases, and neither can be construed as a limitation or qualification of the 1st clause. To give them such an effect would render the 1st clause surplusage. Operation and effect must be given to each clause.

The terms of the 1st clause are absolute, without any qualification, condition or restriction whatever. A residence by one or both of the parties for one year within the State is not requisite even though the marriage was contracted elsewhere. A *bona fide* residence of both parties within the State at the time of the commencement of the action is all that is required.

The locality of the marriage, or the duration of the residence, is of no consequence.

If the 1st clause does not cover the case here presented, it is difficult to perceive that it can have application to any case. It can have no application to the class of cases provided for by the other clauses, since they have reference only to the fact of residence of *one* of the parties — *i. e.*, the plaintiff.

Since both parties to this action were residents when it commenced, the question of jurisdiction must be determined by the 1st clause; and it is, therefore, of no consequence how long their residence has continued, or where they were married. The language of the Code is clear and unequivocal — that the action may be brought " in *either* of the following cases." The *Ramsden* case should, therefore, be declared overruled on the point herein discussed.

The true meaning of the whole section under consideration is this: *First.* Where both parties are residents of the State, when the action is commenced, the action can be maintained without reference to how long either one of them may have resided in the State.

*Second.* Where the marriage took place within the State, the plaintiff, who is a resident of the State when the action is commenced, may maintain the action against a non-resident defendant without reference to the length of the plaintiff's residence and without it being required that the defendant should ever have resided within the State.

*Third.* Where the parties were married without the State, the plaintiff can only maintain an action in the State *against a non-resident defendant* when the parties have, at some time, been residents of the State for at least a year and the plaintiff is a resident of the State when the action is commenced.

Our conclusion is, that this action is maintainable and that the order of the Special Term should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.