(54 Misc. Rep. 289, 291)

### ENSIGN v. ENSIGN.

(Supreme Court, Special Term, New York County. May 5, 1907. On Rehearing, May 21, 1907.)

**1. DIVORCE—TEMPORARY ALIMONY—RENEWAL OF MOTION.**

The technical rules usually applicable to the renewal of a motion should not be enforced on a motion for temporary alimony and counsel fees in divorce, when the supplemental proofs materially tend to change the situation so as to require consideration.

**2. SAME—RESIDENCE OF PARTIES—TEMPORARY ALIMONY.**

In October, 1905, a husband and his wife lived in New York, and separated; she returning to England. Since then he has been in England, which he asserts is his place of residence, for only a short time, his principal business activities being in the United States. *Held*, that these circumstances, taken in connection with plaintiff's claim that his English home is only a country residence, coupled with the positive allegation that both now are and for more than one year before this suit were residents of New York, are sufficient to present at least a debatable issue as to the actual residence of the parties to be left to the trial of the action, making it permissible to grant alimony and counsel fee pendente lite.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 617.]

**3. SAME—WIFE'S DOMICILE—JURISDICTION.**

A wife may under exceptional conditions, when her welfare demands it, acquire her own separate domicile; and the husband may not by his own acts prevent the wife from adopting or maintaining his domicile as hers, and, where the husband was a resident of the state for more than a year before the commencement of the wife's action for separation, she may claim his residence as hers, giving the court jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 217.]

**4. SAME—CONFLICTING EVIDENCE—MOTION.**

A sharp issue of veracity as to whether plaintiff in an action for a separation had been unfaithful and guilty of other unwifely conduct could not be resolved on her motion for counsel fee and temporary alimony.

**5. SAME—TEST OF JURISDICTION.**

Code Civ. Proc. § 1763, provides an action for separation may be maintained where both parties are residents when the action is commenced, or where they were married within the state and plaintiff is a resident when suit is commenced, or where, having been married without the state, they have become residents, and have continued to be such at least one year, and the plaintiff is a resident when suing. In October, 1905, a couple living in New York separated; the wife returning to England. Since then the husband has spent the greater portion of his time in New York. *Held*, on her returning and suing for a separation, that the test of jurisdiction should be the determination of the fact of residence in New York of both parties when the action was commenced, irrespective of the length of time either of them may have resided in the state, or the

fact that both at some time became residents and continued as such for at least one year, and that plaintiff was a resident and defendant a nonresident when the action was commenced.

Action for separation by Ida E. Ensign against Harry A. Ensign. Plaintiff moves for a counsel fee and alimony pendente lite. Motion granted.

Hibbard & Lesinsky, for plaintiff.

Perry Allen, for defendant.

GREENBAUM, J. I do not think the technical rules usually applicable to the renewal of a motion should be enforced in a matrimonial action when it is made apparent that the supplemental proofs materially tend to change the situation so as to require a reconsideration. Indeed, the motion may be regarded as a reargument, with opportunities to each of the parties to submit additional affidavits. When the motion for counsel fee was originally presented, a strong impression was made upon me, emphasized by the unverified reply to the defendant's counterclaim, that the proof of plaintiff's alleged misconduct and of her nonresidence was overwhelmingly favorable to defendant's contentions. As the facts now appear, there seems to be reason for contending that defendant for upwards of a year before the beginning of this action was a resident of this state. He has apparently been engaged for years in active business in this city. In October, 1905, the parties concededly lived together in this city, but owing to some differences between them it was arranged that plaintiff alone return to England, her birthplace. The defendant remained in this country, took a trip to the West to attend to his affairs, and it was not until October, 1906, that he went to England, where he remained a short time, and returned to this city with the plaintiff, when differences between them again arose, culminating in her leaving her husband and the bringing of this action for separation. It thus appears that since October, 1905, defendant has been in England, which he asserts is his place of residence, for but a comparatively short time, that his principal business activities are in this country, and that the bulk of the period since October, 1905, has been spent in this city. These circumstances, taken in connection with the plaintiff's asseverations that the English home of the defendant is only a country residence, and not intended as his permanent abode, coupled with her positive allegation that both plaintiff and defendant now are and for upwards of one year before the commencement of this action were residents of this state, are sufficient to present at least a debatable issue as to the actual residence of the parties to be left to the trial of the action for determination. In such a situation it would be permissible to grant alimony and counsel fee pendente lite. Gray v. Gray, 143 N. Y. 354, 38 N. E. 301. Defendant, however, argues that plaintiff came here expressly to bring this action, and that the Code requires that she have not a theoretical, but an actual, residence, citing Hewes v. Hewes, 16 N. Y. Supp. 119, 61 Hun, 625. A study of that case and the authorities on which it is based shows that "prima facie the domicile of the wife is the same as that of the husband," but that "the law recognizes exceptions to this rule, the founda-

tion of which is necessity of her protection and the fact that their interests have ceased to be identical." Mellen v. Mellen, 10 Abb. N. C. 329, 331; Hunt v. Hunt, 72 N. Y. 217, 242, 28 Am. Rep. 129. It is clear that a wife may always retain the domicile of her husband, and that she alone may, under exceptional conditions, when her welfare demands it, acquire her own separate and independent domicile. The husband may not by his own acts prevent the wife from adopting or maintaining his domicile as hers. It follows, therefore, if it be found that the defendant was actually a resident of this state for upwards of a year before the commencement of this action, that then the plaintiff may well claim that her husband's was her residence, and hence that the court has jurisdiction to entertain this action. Considering now the merits of the controversy between the parties, it appears from the additional affidavits of the plaintiff that she absolutely denies under oath his charges of infidelity, as also his detailed allegations of unwifely conduct. A sharp issue of veracity is presented, unresolvable upon a motion. Inasmuch as the parties heretofore, by stipulation, agreed that plaintiff be given a weekly allowance of $40, a weekly alimony to the same amount will be granted and a counsel fee of $250. Settle order on notice.

### On Rehearing.

The correct answer to the fundamental question of jurisdiction presented upon this motion depends upon the accurate interpretation of Section 1763 of the Code of Civil Procedure, applicable to actions for separation, which reads as follows:

"Such an action may be maintained in either of the following cases: (1) Where both parties are residents of the state when the action is commenced. (2) Where the parties were married within the state and the plaintiff is a resident thereof when the action is commenced. (3) Where the parties, having been married without the state, have become residents of the state and have continued to be residents thereof at least one year, and the plaintiff is such resident when the action is commenced."

It is strenuously insisted on this motion for reargument that the effect of my former opinion is to ignore and overrule appellate court utterances construing the section of the Code under review. Counsel rely upon Hewes v. Hewes, 16 N. Y. Supp. 119, 61 Hun, 625, which I discussed in my opinion, Ramsden v. Ramsden, 28 Hun, 285, and Toosey v. Toosey, 14 Daly, 537, 3 N. Y. Supp. 951, as decisive. The Hewes Case was brought by the husband. Both parties were married without the state, and the defendant had never actually resided within the state. The husband contended "that as the domicile of the wife follows that of the husband the residence of the plaintiff within this state made the wife also a resident," but the court held that the residence contemplated by the Code referred to the actual residence of both parties and "not the theoretic residence of the wife, which is presumed to follow that of the husband," evidently relying upon the case of Mellen v. Mellen, 10 Abb. N. C. 331, from which it quoted an extract of the opinion of Mr. Justice Rumsey to the effect that:

"When the husband began his action to dissolve the marriage contract, the theoretic identity of person and interest ceased to exist and the legal fiction of the one domicile no longer operated."

It seemed to me that the Hewes Case was readily distinguishable from the case at bar, for the reason that there the husband brought the action, and it was not in his power to insist that the theoretical residence of the wife that might ordinarily be presumed to arise from his own residence was her actual residence, when she had the right to assert her own residence different from that of her husband under the conditions presented in that case. Hunt v. Hunt, 72 N. Y. 242, 28 Am. Rep. 129. But it is urged that the Ramsden and Toosey Cases are expressly recognized in the Hewes Case. The facts in the Toosey Case were quite analogous to those in the Hewes Case. The action was brought by the husband, the marriage between the parties was solemnized in Pennsylvania, and the wife had never lived in this state. It therefore stands on the same footing as the Hewes Case. It is true that the Ramsden Case is an authority seemingly favoring the defendant's contention. It was a suit for separation brought in April, 1882, by the wife. The parties had been married in Germany, but had been separated for years. The husband had resided here since 1875, while the wife during the period of his residence here resided abroad until September, 1881, when she followed him to this city. At the time she commenced her action she had resided here about seven months, and the court held that she did not come within subdivision 3 of section 1763, which required one year's actual residence on her part. A hasty reading of the three subdivisions of the Code shows an apparent inconsistency between subdivisions 1 and 3. The court in that case said:

"These subdivisions may be somewhat inconsistent; but, even if they are, the clear and explicit terms of the latter require that to be followed in this case in preference to the former." Page 288.

The opinion in the Ramsden Case was that of the General Term of this Department held during 1882, and was expressly disapproved of by the Appellate Division of the Fourth Department, or, to use the language of that court, "overruled," in the case of Bierstadt v. Bierstadt, 29 App. Div. 210, 214, 51 N. Y. Supp. 862. Under these circumstances, it seems to me that the later opinion of the subsequent constitutionally established Appellate Division, even though not of this department, should be controlling. It will add nothing of value to the discussion of the question to reiterate the reasoning in the Bierstadt Case, which, to my mind, is cogent and convincing. The inconsistency that was recognized in the Ramsden Case is resolved in the Bierstadt Case, and a clear and reasonable construction of the subdivisions of section 1763 is given. It was pointed out that the first subdivision referred to a situation where both parties were residents of the state when the action was commenced, irrespective of where they were married, whereas the second and third subdivisions of section 1763 had reference to the case where both parties were not residents of the state when the action was commenced. To quote from the opinion (page 213 of 29 App. Div., and page 864 of 51 N. Y. Supp.):

"If the marriage had been contracted within the state, the period of the parties' residence is immaterial; but, if solemnized out of the state, it is required, in order to maintain an action against a non-resident defendant,

that both parties should at some time have become and remained inhabitants for the period of one year."

The true meaning of the whole section is thus summarized:

"First. Where both parties are residents of the state when the action is commenced the action can be maintained without reference to how long either one of them may have resided in the state. Second. Where the marriage took place within the state the plaintiff, who is a resident of the state when the action is commenced, may maintain the action against a nonresident defendant without reference to the length of the plaintiff's residence, and without it being required that the defendant should ever have resided within the state. Third. Where the parties were married without the state, the plaintiff can only maintain an action in the state against a nonresident defendant when the parties have at some time been residents of the state for at least a year and the plaintiff is a resident of the state when the action is commenced."

It would therefore follow that the test of jurisdiction in this case should be the determination of the fact of residence in this state of both parties when the action was commenced, irrespective of the length of time that either of them may have resided in this state or the fact that both at some time became residents of the state and continued as such for at least one year, and that the plaintiff was a resident and the defendant a nonresident of the state when the action was commenced. The next inquiry is: What is meant by the word "resident" as employed in section 1763? In De Meli v. De Meli, 120 N. Y. 485, 490, 491, 24 N. E. 996, 17 Am. St. Rep. 652, which was an action for separation brought by the wife, it appears that the parties were married at Dresden, Kingdom of Saxony, and that they continuously lived in Dresden for 11 years "until the plaintiff came away and to New York in October, 1881." The fact also appears that "while Dresden was treated by them as their European home a considerable portion of their time was occupied in traveling." The plaintiff commenced her action for separation in March, 1882, and the jurisdiction of the court was challenged on the ground of nonresidence in this state of the parties. Says the court:

"The fact that they remained there [Dresden] as they did would, if nothing appeared to the contrary, raise the presumption that the defendant had ceased to be a resident of the state of New York. But the question whether the relation to this state had been severed was dependent upon his intention. There was some evidence tending to prove that he regarded himself as a resident of the state of New York."

Further on the court says:

"The question here has relation to the legal residence of the parties. And within the meaning of the statute providing for actions of this character the place of which the parties are residents is that of the permanent abode, which may be distinguished from their place of temporary residence. The defendant was not without his domicile, and, unless another was acquired elsewhere, he retained his domicile of origin, and to effect a change of it the fact and intent must concur. Crawford v. Wilson, 4 Barb. 504; Dupuy v. Wurtz, 53 N. Y. 556; Gilman v. Gilman, 52 Me. 165, 83 Am. Dec. 502. In legal phraseology, 'residence' is synonymous with 'inhabitancy' or 'domicile.' And it is in this sense that the term 'resident' is used in the provisions of the Code before referred to, and persons having that relation to this state are its citizens and residents, and for the purposes of the relief like that in view in this action they are subject to the jurisdiction of its courts."

The opinion then refers to cases where, within the contemplation of some statutes, "residence" and "domicile" would not be treated synonymously. Recurring now to the facts, I find that the defendant refrains giving an account of his residence prior to 1902. It appears, however, that the defendant since 1899 has been a member of a banking firm doing business in Nassau street, in this city, with which, prior to that date, he had been connected in the capacity of clerk. He was married in England in 1898, and, according to the plaintiff, shortly after their marriage she left her home in England to follow him "into his own country."' It further appears that defendant's business required him to travel very considerably, and that the parties since their marriage have lived, according to defendant, "at various places in America, notably Raton, New Mexico, Morristown, New Jersey, and in the city of New York.' In December last defendant registered himself as the owner of an automobile and described himself as of No. 32 Nassau street, New York City. In January last he advertised in one of the daily papers in the city of New York for an auditor and published his address as No. 31 Nassau street, in this city.· We thus find that his principal business location is in this city, that his business life was directly connected with the city for many years, that although he has resided at many different places during the past few years, and, although he has rented for a long term of years a home in England, it would nevertheless be a mooted question what his actual domicile is, or, in other words, under the De Meli Case, supra, what his "residence" was when the action was commenced. It seems to be undisputed that when this action was begun both parties actually resided in New York, and hence· it may be argued that under subdivision 1 of section 1763 of the Code jurisdiction attached. But, without presuming now to determine the question of residence, I think that both under the state of the law and the facts such a debatable issue as to "residence" is presented as to warrant the granting of alimony and counsel fee pendente lite under the authority of Gray v. Gray, 143 N. Y. 354, 38 N. E. 301, to which I adverted in my former opinion, and therefore I do not deem it proper to disturb the previous disposition of the motion.

Motion for reargument denied, with $10 costs.