BARBER v. BARBER.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. DIVORCE (§ 62*)—SEPARATION—JURISDICTION—RESIDENCE OF PARTIES.

Where the parties were married without the state, but thereafter became residents of the state, and continued to be residents thereof for a year, and plaintiff was a resident when she commenced an action for separation, it was maintainable under Code Civ. Proc. § 1763, subd. 3.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 208–220; Dec. Dig. § 62.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ABATEMENT AND REVIVAL (§ 3*)—JURISDICTION—MANNER OF RAISING QUES-
TION—AFFIDAVITS.

    Where the complaint in an action for separation stated a cause of ac-
tion, and showed on its face that the court had jurisdiction thereof and
of the parties, the question of want of jurisdiction on the ground that
defendant had never been a resident of the state, and had theretofore
procured a divorce from plaintiff in another state, could only be raised
by answer and could not be decided upon affidavits supporting a motion
to set aside the order for service upon defendant by publication.

    [Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 3.*]

    Appeal from Special Term, New York County.

    Action by Bell Bemiss Barber against George Holcomb Barber.
From an order vacating and setting aside an order of publication of
service of summons and complaint, plaintiff appeals. Reversed, and
motion to set aside denied.

    Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-
LIN, SCOTT, AND DOWLING, JJ.

    Harry K. Jacobs, for appellant.
    Samuel Sobel, for respondent.

    DOWLING, J. The plaintiff brings this action to obtain a separa-
tion from the defendant on allegations of desertion and a failure to
provide for her support. The complaint sets forth the marriage of
the parties on December 17, 1895, at the city of Washington, in the
District of Columbia; that plaintiff and defendant have since their
said marriage become residents of this state and so remained for one
year from on or about the 1st day of April, 1898; and that the plain-
tiff at the time of the commencement of this action was, and still is,
a resident of this state. This allegation brought the plaintiff within
the provisions of section 1763, subd. 3, Code Civ. Proc., and made the
action for separation one which could be maintained in this state. Up-
on this complaint and upon affidavits showing that the defendant was
a nonresident of the state of New York, being in the service of the
United States Navy Department as surgeon and residing or sojourning
in the city of Boston, state of Massachusetts, and that he could not be
served within the state of New York, an order was made for the serv-
ice of the summons and complaint herein upon the defendant by pub-
lication or personally without the state, at the option of the plaintiff.
It is not contended that there was any infirmity or defect in the moving
papers on which the order for the publication was granted. The de-
fendant, however, moved to vacate and set aside the order upon affi-
davits, wherein he denied that he had ever been a resident of the state
of New York, and wherein he conceded that he was at the present time
and had been when the order was made a nonresident of this state.
He disputed the jurisdiction of the court because he had been continu-
ally a nonresident of the state, and claimed that he had never lived here
for a period of one year as claimed by plaintiff.

    Furthermore, he set up, by affidavits, the granting on May 15, 1909,
of a decree of divorce against the plaintiff in his favor in an action
brought in the state of Rhode Island, wherein the present plaintiff duly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeared by attorney, and also a release from alimony executed to him by the plaintiff. The motion to vacate was specifically made upon two grounds: First, that the defendant had never been a resident of this state; second, that the parties had been divorced in another state before the commencement of this action.

From the order granting defendant's motion to set aside the order of publication the plaintiff now appeals. It seems clear that this order was erroneous, and should not have been made. It is well settled that jurisdictional questions must be disposed of in an orderly way and after a proper trial. All the issues cannot be decided, and the plaintiff's rights determined merely upon affidavits.

The complaint sets forth a good cause of action. It may well be that, when the time comes to submit the proofs, plaintiff may find that she was mistaken as to her rights, and that she will be unable to establish by proof the allegations of her complaint; but that confers no power upon the court to try out the issues upon affidavits, and to deny her the right to examine and cross-examine witnesses.

When a complaint upon its face shows facts which demonstrate that the court has no jurisdiction of the subject-matter of the action or of the parties, then the proper practice is to demur. If, on the other hand, the facts which deprive the court of jurisdiction, either of the subject-matter or of the parties, do not appear upon the face of the pleadings, then the only remedy is by answer. Atlantic & Pacific Telegraph Co. v. Baltimore & Ohio R. R. Co., 87 N. Y. 355; Johnson v. Adams Tobacco Co., 14 Hun, 89; Manning, Maxwell & Moore v. Canadian Locomotive Co., 120 App. Div. 735, 105 N. Y. Supp. 662.

The order of publication having been properly granted, the order now appealed from must be reversed, with $10 costs and disbursements to appellant, and the motion to set aside the order of publication and also to set aside the service of the summons and complaint made thereunder denied, with $10 costs. All concur.

---

## In re RUTACED CO.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 194*) — EFFECT — PURSUIT OF OTHER REMEDIES.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 602; Dec. Dig. § 194.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 194*)—EFFECT—OTHER REMEDIES—EXAMINATION OF DEBTOR.

Debtor and Creditor Law, § 22 (Consol. Laws, c. 12), relating to general assignments, and authorizing an examination of the assignor, provides for such examination only in aid and furtherance of the assignment, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes