(70 Misc. Rep. 61.)

### ELWELL v. ELWELL.

(Supreme Court, Special Term, New York County. December, 1910.)

1. DOMICILE (§ 5*)—HUSBAND AND WIFE—SEPARATE DOMICILE OF WIFE.
   Where a husband without lawful cause excludes his wife from their home in another state, she may acquire an independent and separate domicile in New York.
   [Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 24–35; Dec. Dig. § 5.*]

2. DIVORCE (§ 62*)—SEPARATION—JURISDICTION—"CONTINUE."
   Code Civ. Proc. § 1763, subd. 3, provides that an action for separation may be brought where the parties, having been married without the state, have become residents of the state and have continued to be residents

thereof at least one year, and plaintiff is such a resident when the action is commenced. *Held*, that the words "and have continued to be residents thereof at least one year" contemplate a residence continuing to the time of the separation, the word "continue" meaning "to protract or extend in duration; to persevere or persist in; to cease not." And where a husband and wife, married in a foreign country, became residents of New York, living there for many years, and then went to another state, where a cause of action for separation arose in the wife's favor, and she, upon her husband's excluding her from their home, returned to New York, acquiring an independent and separate domicile there, she could not sue her husband for a separation in New York, though she obtained personal service of process upon him there.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 208–220; Dec. Dig. § 62.*

For other definitions, see Words and Phrases, vol. 2, pp. 1507, 1508.]

Action by Molina M. Elwell against Frank Edwin Elwell. Complaint dismissed.

C. E. Kissam, for plaintiff.
E. Bittiner, for defendant.

GREENBAUM, J. The proofs conclusively establish that the defendant, without just or lawful cause, excluded his wife from their home in New Jersey, and I should have no hesitancy in decreeing separation were it not for the question of jurisdiction that arises under section 1763 of the Code of Civil Procedure. The facts bearing upon this feature of the case may be stated as follows: The parties were married in 1882 in Paris, France. They became residents of this state in 1885, and continued as such residents for nearly 19 years. In 1904 they removed to the state of New Jersey, where they both continuously resided in a house purchased by the defendant until the fall of 1908, when the plaintiff, after her exclusion from this house by the defendant, established her own separate domicile in the city of New York, where she has continuously resided since October, 1908. The defendant has maintained a continuous residence in New Jersey since 1904. Under the circumstances of this case, plaintiff was within her legal rights in acquiring an independent and separate domicile. Hunt v. Hunt, 72 N. Y. 217, 242, 28 Am. Rep. 129; Code Civ. Proc. § 1768. This action was commenced in November, 1909, by personal service within the state of New York of the summons and complaint upon the defendant. Section 1763 of the Code provides in actions for a separation as follows:

"Such an action may be maintained in either of the following cases: (1) Where both parties are residents of the state when the action is commenced. (2) Where the parties were married within the state and the plaintiff is a resident thereof when the action is commenced. (3) Where the parties, having been married without the state, have become residents of the state and have continued to be residents thereof at least one year, and the plaintiff is such a resident when the action is commenced."

Plaintiff cites Bierstadt v. Bierstadt, 29 App. Div. 210, 51 N. Y. Supp. 862; Ensign v. Ensign, 54 Misc. Rep. 291, 105 N. Y. Supp. 917, affirmed 120 App. Div. 882, 105 N. Y. Supp. 1114, without opin-

ion; and Barker v. Barker, 137 App. Div. 665, 122 N. Y. Supp. 452—
in support of the proposition that subdivision 3 merely contemplates
one year's continuous residence or uninterrupted residence of the hus-
band and wife at any period antecedent to the commencement of the
action and not necessarily a residence continued up to the time of
the breach between the parties. My reading of these cases leads me
to conclude that in neither of them has the precise question here pre-
sented been passed upon. In the Bierstadt Case the plaintiff and de-
fendant were both residents of this state when the action was com-
menced, and the point raised by the defendant was that jurisdiction
could only be conferred where both parties had been residents of the
state for the period of one year previous to the commencement of
the action. The court, in construing section 1763, in effect held that
subdivision 1 thereof referred to a case where both parties reside with-
in the state when the action is commenced, irrespective of whether
they were married within or without the state, and regardless of the
length of time of their joint residence within the state before the com-
mencement of the action, and that the other two subdivisions referred
to an action brought against nonresident defendants. The opinion
convincingly shows that subdivision 3 was enacted to supply an omis-
sion in the provisions of the Revised Statutes which failed to provide
for a case where parties who had been married out of the state had
become residents of the state. The court entertained jurisdiction un-
der subdivision 1. The Ensign Case presented a substantially similar
situation to that appearing in the Bierstadt Case. The case of Barker
v. Barker is merely authority for the proposition that a complaint
which sets forth the marriage of the parties within the state, that
"since the marriage they have become residents of the state and so
remained for one year, and that the plaintiff, at the time of the com-
mencement of the action, was, and still is, a resident of this state,"
states a good cause of action under subdivision 3. It is to be observed
that in the case last cited the allegation was that "since the marriage
they have become residents of the state and so remained for one year,"
from which it may be deduced that the court construed the words "so
remained" as synonymous with the words of the statute, to wit, "have
continued to be residents thereof."

It is pointed out in the opinion in the Bierstadt Case, at pages 211,
212, of 29 App. Div., at page 863 of 51 N. Y. Supp., that under the
Revised Laws of 1813 there were only two subdivisions which cor-
respond with subdivisions 1 and 2 of the present Code; that a third
provision was incorporated into the Revised Statutes corresponding
with subdivision 3 of section 1763; and that this new provision was
adopted "to supply an omission" applicable to the case of a nonresi-
dent defendant where the marriage of the parties occurred outside the
state and where the parties had maintained a residence within the
state for at least one year, and where the wife thereafter maintained
her residence in the state. Special reference is made to the notes of
the revisers calling attention to this "omission." Such an interpreta-
tion appears to be reasonable and convincing. It seems to me that sub-
division 3 of the Revised Statutes was evidently designed to cover

the not infrequent case of a couple married without the state who had acquired a joint domicile within this state of at least one year, and where the husband deserted and abandoned his wife in this state or gave her other grounds for a separation and left this jurisdiction. In such a case the wronged party, continuing her residence in the state and retaining the last domicile resulting from her married relationship, was permitted to assert her rights where such domicile was. The amendment to the Revised Laws of 1813, incorporated in the Revised Statutes (2 R. S. 146, § 50) reads as follows:

"(3) Where the marriage shall have taken place out of this state and the parties have become and remained inhabitants of this state at least one year, and the wife shall be an actual resident at the time of exhibiting her complaint."

Subdivision 3 of section 1763 of the Code is in somewhat different phraseology and does not limit the relief to the wife. Instead of the words "the parties have become and remained inhabitants of this state," the existing law provides that the parties shall "have continued to be residents thereof at least one year." The verb "continue" in the context in which it is used in the statute may be defined as:

"To protract or extend in duration; to persevere or persist in; to cease not." Webster's Int. Dict. (Ed. 1906).

That is to say, the "continued" residence of the parties, which must be at least one year, was one that had not ceased up to the time of the separation of the parties. Any other interpretation would permit one who had lived in this state with her husband for one year at any time during their married life, no matter at what period thereof, and notwithstanding that they had spent almost their entire life up to the time of separation in another state or country, to take up a residence here and bring an action for a separation in our courts. Such a situation is scarcely one that the revisers of the Legislature could have contemplated, particularly when it is borne in mind what omission in the Revised Laws of 1813 it was intended by the amendment to supply. This view is fortified when one considers the general rule:

"That the courts of this state have no power to adjudge the status of parties residing beyond its jurisdiction." Gray v. Gray, 143 N. Y. 354, 357, 38 N. E. 301, 302.

I am of opinion that subdivision 3 of section 1763 was not intended to cover the case of parties married without the state who at some time had maintained a residence in this state for at least one year, but who had voluntarily given up their New York domicile and established a new domicile in a foreign state, where the acts complained of occurred and where the defendant has continued his domicile up to the time of the commencement of the action.

As this court has no jurisdiction, the complaint must be dismissed. Complaint dismissed.