ELLEN MESSER MCDONALD, Respondent, *v.* JUILLIARD MCDONALD, Appellant.

First Department, June 21, 1934.

*Abraham L. Bienstock* of counsel [*Max D. Steuer*, attorney], for the appellant.

*George Sylvester* of counsel [*Louis Haimoff* with him on the brief; *George Z. Medalie*, attorney], for the respondent.

MARTIN, J. The parties to this action were married outside the State of New York on November 12, 1929; they came to New York and resided here from November 16, 1929, until July, 1931; they then went to California in July, 1931, and resided there until September, 1932, when they separated, the husband remaining in California and his wife coming to New York. Since that date the parties have lived separate and apart. The husband has at all times since July, 1931, remained a resident of the State of California, and was a resident of that State at the time of the commencement of this action and is now a resident thereof. He came to New York for a visit on April 18, 1934, and was served with the summons and complaint in this action.

The sole question for determination is whether under subdivision 3 of section 1162 of the Civil Practice Act this court has jurisdiction of the action. That subdivision reads:

" 3. Where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced."

The appellant contends that his wife, although she resided here with him for more than a year, was not a resident for more than one year immediately preceding the commencement of this action, and, therefore, may not bring this action in New York under the above section. The appellant relies upon *Elwell* v. *Elwell* (70 Misc. 61), where it was said: " I am of opinion that subdivision 3 of section 1763 was not intended to cover the case of parties married without the State who at some time had maintained a residence in this State for at least one year, but who had voluntarily given up their New York domicile and established a new domicile in a foreign State, where the acts complained of occurred and where the defendant has continued his domicile up to the time of the commencement of the action."

The respondent contends that under subdivision 3 of section 1162 the sole condition of the court's jurisdiction is a continuous residence of the parties for one year in this State, and that the plaintiff resides therein when the action is commenced. Reliance is placed upon the case of *Bierstadt* v. *Bierstadt* (29 App. Div. 210) for that proposition. The court there held that where a marriage is solemnized out of the State, " it is required, in order to maintain an action against a non-resident defendant, that both parties should, at some time, have become and remained inhabitants for the period of one year."

This court in *Barber* v. *Barber* (137 App. Div. 665) held to the same effect, and said: " The plaintiff brings this action to obtain a separation from the defendant on allegations of desertion and a failure to provide for her support. The complaint sets forth the marriage of the parties on December 17, 1895, at the city of Washington, in the District of Columbia; that plaintiff and defendant have since their said marriage become residents of this State and so remained for one year from on or about the 1st day of April, 1898; and that the plaintiff at the time of the commencement of this action was and still is a resident of this State. This allegation brought the plaintiff within the provisions of section 1763, subdivision 3, of the Code of Civil Procedure, and made the action for separation one which could be maintained in this State."

The Special Term in denying the defendant's motion to dismiss the complaint said: " Motion for dismissal for lack of jurisdiction upon ground that subdivision 3, section 1162, of Civil Practice Act, as construed in *Elwell* v. *Elwell* (70 Misc. 61), requires that

residence of one year continue up to time of separation of parties. It is my opinion that jurisdiction is acquired where the marriage occurs out of the State and both parties at some time have become and remained residents of this State for the period of one year and the plaintiff at the time of the action is a resident. (*Bierstadt* v. *Bierstadt*, 29 App. Div. 210; *Barber* v. *Barber*, 137 id. 665.) Motion denied, with ten dollars costs."

The express wording of the statute appears to warrant that conclusion. The Civil Practice Act, section 1162, subdivision 3, provides that the action may be maintained where (1) the parties having been married without the State have become residents of the State; (2) where they have continued to be residents thereof at least for one year, and (3) the plaintiff is such a resident when the action is commenced.

If the Legislature intended that both parties must be residents of the State for the year immediately preceding the commencement of the action, it would not have inserted a provision to the effect that the plaintiff only must be a resident of the State at the time the action is commenced.

The statute says that where the parties have been residents for at least one year and the plaintiff is a resident when the action is commenced, it is sufficient. It does not say that the plaintiff must have been a resident continuously from the beginning of the year, nor does it require both parties to be residents at the time the action is commenced or at any particular time.

It seems clear, therefore, that but one interpretation should be given to the statute and that is the one followed by the Special Term.

We are of opinion that the requirements of the third subdivision of section 1162 have been complied with and that the order should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., and UNTERMYER, J., concur; MERRELL and O'MALLEY, JJ., dissent and vote to reverse and grant the motion.

MERRELL, J. (dissenting). This action is brought by the plaintiff wife for a separation from the defendant, her husband, on the ground of the husband's abandonment and failure to support plaintiff. The parties were married on November 12, 1929, in the State of Illinois. There is no issue of the marriage. The husband and wife came to New York on or about November 16, 1929, and remained here, at the home of defendant's uncle, until about January 1, 1930, when they went to San Francisco, Cal. The defendant was born in the State of California, his father and mother residing there. He claims that California, at all times

involved in this action, has been his home.  After removing to California in January, 1930, the parties remained there until some time in the following February or March, when they came to New York city.  They lived there, with the defendant's uncle at 11 West Fifty-seventh street, until some time in the summer of 1930, when they went to Martha's Vineyard, Mass.  They returned to New York city in September and subleased an apartment at 8 East Ninety-sixth street for one year, but surrendered the lease in January, 1931, when they returned to California.  From July, 1931, until September of that year they lived with the defendant's family in an apartment at 1055 California street, San Francisco, Cal., when they leased and furnished completely a house at Placitas avenue in Atherton, Cal., where they resided for a year, until September, 1932.  At that time plaintiff left for New York, and has never returned to California, where the defendant, her husband, has remained uninterruptedly, except for a visit here about April 18, 1934, at which time he was served with a summons and complaint in the present action.  As before stated, the husband claims that, from the date of his birth in the State of California, where his parents were also born and always resided, he has never ceased to be a resident of that State.  The defendant states that during the period that he lived in New York city with his wife, his stay here was temporary and not with the intention of establishing a permanent residence.  Plaintiff, however, insists that for a period of over a year the parties resided in the city of New York, and claims to be entitled to maintain the present action under the provisions of subdivision 3 of section 1162 of the Civil Practice Act, because of the residence of the parties here from November, 1929, to July, 1931.  The proofs submitted by both the defendant, in support of his motion to dismiss, and by the plaintiff, in opposition thereto, clearly belie the plaintiff's contention that the parties ever resided in this State for a year during their married life.  While, at broken periods, the parties were in New York altogether for more than a year, they never were here *continuously* for longer than a few months at a time.  The defendant was never employed commercially here, and never made any business connections in the State of New York.  Neither of the parties ever registered or voted in the State of New York.  The defendant has always voted in the State of California.  The proofs clearly show that the stay of the parties in this State was always of a temporary nature, and that no residence was established here.

However, even admitting the plaintiff's contention, that at some period of their married life the parties had resided in the State of New York for over one year (which the proofs do not show),

the plaintiff has, nevertheless, failed to show such a residence in this State as will confer jurisdiction upon our courts to grant the plaintiff the relief which she seeks in the present action. The proofs clearly show that the parties were married outside the State of New York, and that they resided together in the State of California from July, 1931, to September, 1932. The plaintiff wife left the defendant in California in September, 1932, and came to live in New York, and from that date the parties have been living separate and apart. It further appears that the defendant husband has, at all times, since July, 1931, remained a resident of the State of California, and was a resident of that State at the time of the commencement of the present action, and still resides in the State of California.

We are of the opinion that the plaintiff failed to show residential requirements justifying the bringing of her action for a separation in the State of New York, and that the New York courts are without jurisdiction to entertain the action. Section 1162 of the Civil Practice Act provides as follows:

" § 1162. Action for separation; conditions attached to maintenance. Such an action may be maintained in either of the following cases:

" 1. Where both parties are residents of the state when the action is commenced.

" 2. Where the parties were married within the state and the plaintiff is a resident thereof when the action is commenced.

" 3. Where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced."

It is admitted that subdivision 1 of section 1162 is inapplicable. It is undisputed that the husband, at the time of the commencement of this action and for some time past, was a resident of the State of California. Plaintiff must also concede that subdivision 2 of section 1162 does not apply, for in her complaint she alleges that the parties were married without the State of New York. However, plaintiff seeks to bring herself within the provisions of subdivision 3 of section 1162.. This very question was passed upon in the case of *Elwell* v. *Elwell* (70 Misc. 61). In that case the parties were married in France. They returned to New York, where they resided for nineteen years. They then moved to the State of New Jersey, where they resided together. While residents of New Jersey, the husband abandoned his wife and she moved to New York and established a separate domicile here and brought an action for separation. The facts in the *Elwell* case, admitting

plaintiff's unproven contention as to residence of the parties here for more than one year, are indistinguishable from those existing in the case at bar. The action (*Elwell* v. *Elwell, supra*) was tried at Special Term of the Supreme Court before Mr. Justice GREEN-BAUM. Justice GREENBAUM dismissed the complaint, writing a carefully considered opinion in so doing. In the *Elwell* case Justice GREENBAUM, in part, wrote as follows: " It seems to me that subdivision ' 3 ' of the Revised Statutes was evidently designed to cover the not infrequent case of a couple married without the State who had acquired a joint domicile within this State of at least one year, and where the husband deserted and abandoned his wife in this State or gave her other grounds for a separation and left this jurisdiction. *In such a case the wronged party, continuing her residence in the State and retaining the last domicile resulting from her married relationship, was permitted to assert her rights where such domicile was.* The amendment to the Revised Laws of 1813, incorporated in the Revised Statutes (2 R. S. 146, ¶ 50) reads as follows: ' 3. Where the marriage shall have taken place out of this State and the parties have become and remained inhabitants of this State at least one year, and the wife shall be an actual resident at the time of exhibiting her complaint.' Subdivision ' 3 ' of section 1763 of the Code is in somewhat different phraseology and does not limit the relief to the wife. Instead of the words ' the parties have become and remained inhabitants of this State ' the existing law provides that the parties shall ' have continued to be residents thereof at least one year.' *The verb ' continue ' in the context in which it is used in the statute may be defined as: ' To protract or extend in duration; to persevere or persist in; to cease not.'* (*Webster's Int. Dict., ed. 1906.*) *That is to say, the ' continued ' residence of the parties, which must be at least one year, was one that had not ceased up to the time of the separation of the parties. Any other interpretation would permit one who had lived in this State with her husband for one year at any time during their married life, no matter at what period thereof and notwithstanding that they had spent almost their entire life up to the time of separation in another State or country, to take up a residence here and bring an action for a separation in our courts.* Such a situation is scarcely one that the revisers of the Legislature could have contemplated, particularly when it is borne in mind what omission in the Revised Laws of 1813 it was intended by the amendment to supply. This view is fortified when one considers the general rule ' that the courts of this State have no power to adjudge the status of parties residing beyond its jurisdiction.' (*Gray* v. *Gray*, 143 N. Y. 354, 357.) *I am of opinion that subdivision 3 of section 1763 was not intended to cover the case of parties married with-*

out the State who at some time had maintained a residence in this State for at least one year, but who had voluntarily given up their New York domicile and established a new domicile in a foreign State, where the acts complained of occurred and where the defendant has continued his domicile up to the time of the commencement of the action. As this court has no jurisdiction the complaint must be dismissed." (Italics are the writer's.)

We think Justice GREENBAUM's reasoning was most persuasive holding that the Legislature did not intend to make this State the forum of controversies between non-residents merely because the parties once spent a year in the State of New York, and afterwards resided in other jurisdictions. Justice GREENBAUM was a jurist of acknowledged ability, who, for some years, was a valued member of this court, and whose judicial work has always commanded the utmost respect. It is beyond any question that the matrimonial domicile of the parties in the State of New York in the case at bar, if it ever existed, terminated in July, 1931, when the parties took up their residence in the State of California. California was the last matrimonial domicile of the parties, and the alleged breaches of which the plaintiff complains were committed there. We do not think the policy of our courts should be to interfere where matrimonial domicile was without the State of New York. The learned justice presiding at Special Term when the order appealed from was granted made no attempt to distinguish the case at bar from the *Elwell* case, but in a short opinion expressed his disagreement with Justice GREENBAUM's construction of subdivision 3 of section 1162, and held " that jurisdiction is acquired where the marriage occurs out of the State and both parties at some time have become and remained residents of this State for the period of one year and the plaintiff at the time of the action is a resident." The court below relied upon the cases of *Bierstadt* v. *Bierstadt* (29 App. Div. 210) and *Barber* v. *Barber* (137 id. 665). Justice GREENBAUM, in his opinion in *Elwell* v. *Elwell* (*supra*), we think, effectively and completely distinguished the facts in the two cases cited by the court below, both of which were cited by the plaintiff in the *Elwell* case. In distinguishing the two cases in which the court below relied, Justice GREENBAUM, in his opinion, wrote as follows: " *Plaintiff cites Bierstadt* v. *Bierstadt* (29 App. Div. 210); *Ensign* v. *Ensign* (54 Misc. Rep. 291; affd., 120 App. Div. 882, without opinion), and *Barber* v. *Barber* (137 id. 665), *in support of the proposition that subdivision '3' merely contemplates one year's continuous residence or uninterrupted residence of the husband and wife at any period antecedent to the commencement of the action and not necessarily a residence continued up to the time of the breach between the parties.*

My reading of these cases leads me to conclude that *in neither of them has the precise question here presented been passed upon. In the Bierstadt case the plaintiff and defendant were both residents of this State when the action was commenced,* and the point raised by the defendant was that jurisdiction could only be conferred where both parties had been residents of the State for the period of one year previous to the commencement of the action. *The court, in construing section 1763, in effect held that subdivision ' 1 ' thereof referred to a case where both parties reside within the State when the action is commenced, irrespective of whether they were married within or without the State, and regardless of the length of time of their joint residence within the State before the commencement of the action, and that the other two subdivisions referred to an action brought against non-resident defendants.* The opinion convincingly shows that subdivision ' 3 ' was enacted to supply an omission in the provisions of the Revised Statutes which failed to provide for a case where parties who had been married out of the State had become residents of the State. *The court entertained jurisdiction under subdivision ' 1.'* The *Ensign* case presented a substantially similar situation to that appearing in the *Bierstadt* case. *The case of Barber* v. *Barber is merely authority for the proposition that a complaint which sets forth the marriage of the parties within the State, that ' since the marriage they have become residents of the State and so remained for one year, and that the plaintiff, at the time of the commencement of the action, was, and still is, a resident of this State,' states a good cause of action under subdivision ' 3.'* It is to be observed that in the case last cited the allegation was that ' since the marriage they have become residents of the State and so *remained* for one year,' from which it may be deduced that *the court construed the words ' so remained ' as synonymous with the words of the statute, to wit, ' have continued to be residents thereof.'* It is pointed out in the opinion in the *Bierstadt* case at pages 211, 212, that under the Revised Laws of 1813 there were only two subdivisions which correspond with subdivisions ' 1 ' and ' 2 ' of the present Code; that a third provision was incorporated into the Revised Statutes corresponding with subdivision ' 3 ' of section 1763, and that this new provision was adopted ' to supply an omission ' applicable to the case of a non-resident defendant where the marriage of the parties occurred outside the State and where the parties had maintained a residence within the State for at least one year, and where the wife thereafter maintained her residence in the State. Special reference is made to the notes of the revisers calling attention to this ' omission.' Such an interpretation appears to be reasonable and convincing." (Italics are the writer's.)

From Judge GREENBAUM'S discussion of the two cases relied upon by the court below, it seems to us that they are entirely inapplicable to the facts in the case at bar, as Judge GREENBAUM held them to be in the *Elwell* case.

We are of the opinion that the order appealed from should be reversed, and that the defendant's motion to dismiss the complaint in the present action should be granted, on the ground that the Supreme Court of New York is without jurisdiction to hear and determine the same.

O'MALLEY, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.