ELEANOR LAPIN, Plaintiff, *v.* GEORGE H. LAPIN, Defendant.

Supreme Court, Special Term, Queens County, July 21, 1947.

*Jacob A. Visel* for defendant.

*Jacob Granat* for plaintiff.

COLDEN, J. In an action for a separation the defendant husband, appearing specially, moves to vacate the service of process upon him as well as plaintiff's application for temporary alimony and counsel fees upon the ground that the court lacks jurisdiction of the subject matter of the action.

He contends (1) that there is lacking in this case the existence of a valid and subsisting marriage, which is a prime requisite in an action for separation, and (2) while the com-

plaint contains jurisdictional allegations calculated to satisfy the provisions of section 1165-a of the Civil Practice Act, and more particularly subdivision 3 thereof, nevertheless the facts are otherwise.

The court is of the opinion that neither of the foregoing contentions justifies the granting of this motion. It is true that the parties were married in the State of New Jersey and that the plaintiff is at present a resident thereof. However, the defendant states: " In December of 1946 I went to Reno, Nevada, established a bona fide residence, and remained there until the end of February, 1947. During the time I was in Reno I procured a divorce from my wife. In the beginning of March, 1947 I returned to New York and have remained in New York up until the present time." While the domicile of one spouse within a State gives the court of that State the power to dissolve a marriage wheresoever contracted, such divorce is entitled to recognition in this State under the full faith and credit clause of the United States Constitution " * * * only if the court of the first state had power to pass on the merits — had jurisdiction, that is, to render the judgment." In other words, " * * * the decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicile is a jurisdictional fact." (*Williams* v. *North Carolina*, 325 U. S. 226, 229, 232; Note, 157 A. L. R. 1399.) It is not proper, on a motion of this character, to determine whether the marriage relationship between the parties came to an end by virtue of the Nevada decree. Whether such decree is, in fact, predicated upon a genuine domicile in the State of Nevada, is a question of fact to be raised and determined upon the trial of this action (*Reese* v. *Reese*, 268 App. Div. 993).

The defendant's contention that the facts belie the allegations of the complaint which purport to conform to the provisions of section 1165-a of the Civil Practice Act, appears to be based upon his misinterpretation of subdivision 3 of said section, which provides that an action for separation may be maintained " Where the parties were married without the state, and either the plaintiff or the defendant is a resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action." While he concedes that the statute states " that jurisdiction lies when either plaintiff or defendant has been a resident of the state for at least one year continuously at any time prior to the commencement of the action " he argues that

"the only reasonable interpretation of this provision is that the residence must have been for one year continuously and *immediately* prior to the commencement of the action." (Italics mine.)

Inasmuch as his residence in New York prior to the commencement of this action is of a short duration (since the beginning of March, 1947), and less than a year prior to this suit, the defendant urges that this court has no jurisdiction; of course he is mistaken in the interpretation of the statute. In construing similar language of former section 1162 of the Civil Practice Act, the appellate courts held that residence *immediately* preceding the commencement of the action is unnecessary and that it is sufficient if the defendant was a resident of this State (1) when the action was commenced, and (2) for at least one year continuously *at any time* prior to the commencement of the action (*McDonald* v. *McDonald,* 241 App. Div. 457, affd. 265 N. Y. 546).

The Judicial Council of the State of New York, which recommended chapter 288 of the Laws of 1942, which repealed sections 1146-a and 1162 of the Civil Practice Act and substituted therefor section 1165-a of the Civil Practice Act, states, in its Eighth Annual Report (1942) at page 358, that the principal change effected by the new statute was "to accord a nonresident the right to maintain a separation action in this State upon certain specified conditions", including the following: "* * * if the parties were married outside the State, that the defendant is a resident thereof when the action is commenced and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action * * *."

Here there is no question, in view of the facts contained in the opposing affidavit, and more particularly the certificate of the Board of Elections, that the defendant was at one time a resident of this State continuously for at least one year. According to such certificate the defendant registered as a voter in the county of Queens on October 11, 1946, at which time he stated that he was a resident of said county and the State of New York for twenty-seven years and of his election district for two years, that he last registered in the State of New York in 1945, and that his business was located at 167-19 Hillside Avenue, Jamaica, Queens County, New York.

Accordingly, the motion is denied. The defendant will have ten days in which to appear or answer.

Settle order.