Frederick Backer, J.
This is a motion by tbe male defendant, appearing herein specially, to dismiss the complaint pursuant to section 1165-a of the Civil Practice Act and for dismissal pursuant to rule 107 of the Rules of Civil Practice and section 237-a of the Civil Practice Act.
While admittedly a resident of this State at the time of the commencement of this action, the defendant nevertheless contends that, since he has not been a resident of this State for at least one year continuously immediately prior to the commencement of the action, it must be dismissed pursuant to section 1165-a. The defendant is in error since he misinterprets the *975 statute. His opposing papers confine discussion of his residence to the period of 1958 to 1959. He fails to negate plaintiff’s averments that they were actually continuous residents of this State for the period from May, 1939 to about December of 1944. This brings tbe defendant within the contemplation of the words “ at any time ” as used in section 1165-a, which affords a nonresident the right to maintain a matrimonial action in this State upon certain specified conditions, including the following: ‘ ‘ Where the parties were married without the state, and either the plaintiff or the defendant is a resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action” (emphasis supplied). The required one-year’s residence need not immediately precede the commencement of the action since residence for one year “ at any time ” in the past is a sufficient compliance with the law (Taylor v. Taylor, 80 N. Y. S. 2d 745; Lapin v. Lapin, 190 Misc. 31; McDonald v. McDonald, 241 App. Div. 457, affd. 265 N. Y. 546). The motion in its branch to dismiss pursuant to section 1165-a of the Civil Practice Act is, therefore, denied.
In light of the foregoing, the motion in its other aspects is in all respects denied.