(80 Misc. Rep. 108.)

### BROWNRIGG v. BROWNRIGG.

(Supreme Court, Special Term, Kings County. March 14, 1913.)

1. DIVORCE (§ 101*)—JURISDICTION OF CAUSES OF ACTION—PLACE OF OCCUR-RENCE—DOMICILE.

In a wife's action for a separation on the ground of desertion in this state, in which she alleges that her domicile is in this state, the husband may counterclaim on the ground that the wife abandoned him

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in New Jersey, although the abandonment has not continued for the length of time required by the law of that state to make it a ground for a separation, and although, if true, the domicile of the parties would be in New Jersey; the wife not having acquired a separate domicile by leaving her husband without just cause.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 322–327; Dec. Dig. § 101.*]

2. DIVORCE (§ 102*)—PLEADING—REPLY.

In an action for a separation, in which the husband counterclaimed on the ground of abandonment, the husband's adultery could be pleaded in the reply, not as a counterclaim to the counterclaim, but as a justification for the wife's abandonment of the husband.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 319; Dec. Dig. § 102.*]

3. DIVORCE (§ 102*)—PLEADING—REPLY.

In a wife's action for a separation, in which the complaint alleged that the husband abandoned her in March, 1912, and the husband alleged by way of counterclaim that the wife abandoned him in September, 1912, a reply, alleging the adultery of the husband between July, 1911, and January, 1912, as a justification for her abandonment, was not inconsistent with the complaint.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 319; Dec. Dig. § 102.*]

4. DIVORCE (§ 103*)—DEMURRER TO REPLY—EFFECT.

A demurrer to a reply to a counterclaim on the ground that the matters and things alleged therein did not state facts sufficient to constitute a defense to the counterclaim, if not insufficient because of the departure from Code Civ. Proc. § 493, authorizing a demurrer to a defense or counterclaim contained in a reply on the ground that it is insufficient in law upon the face thereof, raised only the sufficiency of the new matter pleaded in the reply to constitute a defense, and not the propriety of pleading it.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 320, 321; Dec. Dig. § 103.*]

Action by Jeanette S. Brownrigg against Leo N. Brownrigg. On motion by plaintiff for judgment on the pleadings. Motion granted.

Lewis Squires, of New York City, for the motion.

L. J. Morrison, of New York City, opposed.

BENEDICT, J. In this action, which was brought by the wife for a separation on the ground of desertion, within the state of New York, alleged to have occurred in March, 1912, the defendant interposed a counterclaim alleging that the wife abandoned him in New Jersey in September, 1912. The wife replied, denying the counterclaim, and setting up as a defense thereto new matter, in which she charged the defendant with adultery committed between July, 1911, and January, 1912, and alleged that since the discovery thereof she had not cohabited with the defendant. To this defense the defendant has demurred, and the plaintiff now moves for judgment on the pleadings. As the demurrer searches the record, it will be necessary first to determine whether the counterclaim is sufficient; for there is no question as to the sufficiency of the complaint.

[1] The question presented is whether a desertion which took place

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

while the parties were domiciled in New Jersey, and which has not continued for two years, as required by the law of New Jersey to make it a ground for a decree of separation, nevertheless constitutes a cause of action for a separation in New York, of which the defendant husband can avail himself in the wife's action for a separation in this state. The general doctrine is that the place where the offense takes place is not material, but that the law of the domicile will control. 2 Bishop on Marriage, Divorce, and Separation, §§ 160–163; 9 Am. & Eng. Encyc. of Law, 766. The question then is: By what law shall it be determined whether the alleged offense constitutes ground for divorce, the law of the domicile of the parties when the alleged offense took place, or the law of the domicile of the parties, or of the plaintiff, when the action is commenced, which is, of course, also the law of the forum? Mr. Bishop states the latter rule as the general one, although there are a few states which have adopted somewhat contrary doctrines. 2 Bishop on Marriage, Divorce, and Separation, §§ 164–173.

There would be no difficulty in applying the doctrine stated by Mr. Bishop and abundantly supported by authority to the case at bar, and so holding the counterclaim sufficient in law, assuming the parties to be now domiciled in New York, but for the fact that two decisions of the Supreme Court at General Term (Third Department) seem to uphold the contrary doctrine. The first of these is Holmes v. Holmes, 4 Lans. 388. There the husband had gone to Iowa and obtained a divorce a vinculo on the ground of desertion by the wife, alleged to have taken place in New York while the parties were residing in the latter state. The decree was rendered upon constructive service, and was held invalid for that reason; but the court also laid down the doctrine that the courts of Iowa had no jurisdiction of the subject-matter, because at the time the offense was committed the parties were domiciled in New York, by the laws of which state desertion did not constitute a ground for divorce a vinculo. The court, by Parker, J., said:

"It is  *  *  *  the law of the place of the actual domicile of the parties which gives jurisdiction; and the jurisdiction of the subject-matter must, of course, exist at the time of the commission of the offense which constitutes the cause of action, or not at all. The law of the place of domicile, at the time of the commission of the offense, though committed in another place, will control."

The other case is Moe v. Moe, 2 Thomp. & C. 647, where the wife had obtained a divorce a vinculo in Vermont, upon constructive service on the husband, for a desertion occurring in Massachusetts; it not appearing whether desertion constituted a ground for divorce in Massachusetts at the time or not. The court followed the decision in the Holmes Case.

On the other hand, we have the recent decision of the Special Term (First District), where the defendant husband without just cause excluded the wife from the marital home in New Jersey, and although the desertion had not continued for two years at the time of the commencement of the action a separation would have been granted, but

for the fact that the plaintiff did not bring herself within the juris-. dictional requirements of section 1763 of the Code of Civil Proce- dure. Elwell v. Elwell, 70 Misc. Rep. 61, 128 N. Y. Supp. 495.

On the whole, I am of opinion that the Holmes and Moe Cases do not require the court to hold at this time, in contravention of the general rule, that the law of the domicile at the time of the commis- sion of the offense governs. This part of the opinion in both these cases may be regarded as obiter, and the doctrine has not, it is be- lieved, received any general recognition in this state. The cases, es- pecially the Holmes Case, have been cited from time to time, but almost always, it would appear, on the question of jurisdiction of the person of the defendant, rather than on the question of jurisdiction of the subject-matter. If this be correct reasoning, the counterclaim is good.

In view of the fact that the wife has sued for a separation in New York, alleging domicile here, I think our courts have jurisdiction of the counterclaim under section 1765 of the Code of Civil Procedure, although, if the facts alleged in the counterclaim be true, the parties are domiciled in New Jersey, for the wife, if she left her husband without just cause, does not acquire a separate domicile.

[2] The counterclaim being sufficient, the next question is as to the defense. The allegations of adultery are not interposed as a counter- claim to a counterclaim—which would, of course, be improper under our practice—but only as a defense; that is, as a justification of the desertion charged by the defendant against the plaintiff. It is well settled that in an action for a separation the adultery of the plaintiff may be interposed as matter of avoidance. Code Civ. Proc. § 1765; Hawkins v. Hawkins, 193 N. Y. 409, 411, 86 N. E. 468, 19 L. R. A. (N. S.) 468, 127 Am. St. Rep. 979, 15 Ann. Cas. 371, and cases cited.

[3] The plaintiff, in replying to a counterclaim, may include "new matter not inconsistent with the complaint, constituting a defense to the counterclaim." The new matter contained in the reply in the case a bar, as it constitutes a defense to the counterclaim, is clearly within the provision, unless it is inconsistent with the complaint. The adulteries are alleged to have occurred between July, 1911, and Janu- ary, 1912, prior to the abandonment set forth in the complaint. It is, however, not at all impossible for the defendant to have committed adultery and also to have abandoned the plaintiff. Hence there is no inconsistency between the complaint and the new matter contained in the reply.

[4] The demurrer is informal, to say the least. Section 493 of the Code of Civil Procedure provides for a demurrer to "a defense or counterclaim, contained in a reply, on the ground that it is insuffi- cient in law, upon the face thereof." This demurrer is placed upon the ground—

"that the matters and things alleged in the said fifth paragraph of said reply do not state facts sufficient to constitute a defense to the counterclaim set forth and contained in the answer herein."

Even if the departure from the language of the Code does not in- validate the demurrer, as perhaps it does not, it is obvious that no issue is raised, except as to the sufficiency of the new matter pleaded

in the reply to constitute a defense to the counterclaim, and therefore the propriety of pleading it is not in question. I have, however, treated that question on its merits.

The defense to the counterclaim being sufficient in law upon its face, the demurrer is bad, and plaintiff is entitled to a judgment overruling the same and dismissing the counterclaim; for the new matter alleged in the reply constitutes a complete defense to the counterclaim, and it stands admitted by the demurrer.

The motion for judgment on the pleadings is therefore granted, with $10 costs, and with leave to defendant to withdraw the demurrer within 20 days on payment of costs of the action.