(88 Misc. Rep. 107)

## LICHT v. LICHT.

(Supreme Court, Appellate Term, First Department. December 14, 1914.)

1. HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENT—VALIDITY.

An agreement between a husband and wife for a separation, made while they were living apart from each other, is valid, and cannot be repudiated by either acting alone.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278.*]

2. DIVORCE (§ 62*)—JURISDICTION—DOMICILE.

Where a husband and wife were living apart under a valid separation agreement, the husband cannot establish a matrimonial domicile in another state by his act alone, so as to give the courts of that state jurisdiction to grant him a divorce without service upon the wife in that state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–202, 208–216, 220, 282; Dec. Dig. § 62.*]

Appeal from City Court of New York, Trial Term.

Action by Regina Licht against Henry Licht. Judgment for the defendant, and plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Leopold Freiman, of New York City, for appellant.

Morris & Samuel Meyers, of New York City (Albert J. Rifkind and Morris Meyers, both of New York City, of counsel), for respondent.

PAGE, J. An action was heretofore brought in the Supreme Court, Kings County, between the parties hereto, for a separation. During the pendency of that action an agreement "that the said parties may and they shall continue to live separate and apart from each other for all time" was entered into between the parties. The agreement, among other things, also provided that the defendant will pay to the plaintiff the sum of $5 per week during her life "while she continues to be his wife." The defendant having made default in payment since September 25, 1911, this action was brought. The defendant sets up a decree of absolute divorce granted to him by the Second judicial district court of the state of Nevada on the 5th day of March, 1912, and claims that since that time the plaintiff has not been the wife of the defendant.

It is conceded that process in the Nevada case was not personally served upon this plaintiff within the state of Nevada and that she did

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not appear therein. The learned trial justice held that, inasmuch as the defendant acquired a residence in Nevada, that state became the matrimonial domicile of the parties, and the court of that state acquired jurisdiction of this plaintiff by the service of process upon her within this state.

. [1] At the time the agreement for a separation was made, the parties were living separate and apart. The agreement was, therefore, valid and binding upon the parties, and could not be repudiated by either party acting alone. Galusha v. Galusha, 116 N. Y. 635, 642, 643, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Winter v. Winter, 191 N. Y. 462, 84 N. E. 382, 16 L. R. A. (N. S.) 710.

[2] By virtue of this agreement the plaintiff had the right to establish a domicile separate and apart from her husband. Under such circumstances there can be no matrimonial domicile established by the act of the husband alone. The decree of the Nevada court, having been granted without jurisdiction of the plaintiff, was void, and constituted no defense to this action.

The judgment should therefore be reversed, with costs, and judgment in favor of the plaintiff and against the defendant for the amount demanded in the complaint, with interest and costs, entered. The $125 paid to plaintiff at the close of the trial should be credited on the execution. All concur.