ISABELLE G. GWATHMEY, Plaintiff, *v.* ARCHIBALD B. GWATHMEY, Defendant.

(Supreme Court, New York Special Term, July, 1921.)

Injunction — to restrain prosecution of husband's action for divorce in another state during the pendency of wife's action for divorce in this state.

> Where in a wife's action for divorce the allegations of the complaint that the parties were married in the city of New York in 1895 and lived together there as man and wife up to September 20, 1919, are clear and definite, and the evidentiary proof submitted on a motion by plaintiff for a preliminary injunction to restrain during the pendency of her action the further prosecution of an action for divorce instituted by defendant in the state of Florida in the month of April, 1921, establishes *prima facie* that defendant, who during all this time has been conducting the business of a stockbroker in the city of New York, was not residing in the state of Florida for two years prior to April, 1919, as required by the statutes of said state as a condition precedent to a filing of a bill for divorce, the injunction will be granted, the defendant being within this state and subject to the jurisdiction of its courts.

ACTION for an injunction.

Blandy, Mooney & Shipman, for plaintiff.

Jerome, Rand & Kresel, for defendant.

DONNELLY, J. The action is one in equity brought by the plaintiff, the wife of the defendant, for an injunction restraining and enjoining her husband from prosecuting, carrying forward, seeking to serve process by publication or otherwise, taking any judgment, decree or relief by default, taking testimony in or taking any further step or proceeding in or in furtherance of a certain bill of complaint in the nature

Supreme Court, July, 1921.          [Vol. 116.

of an action for divorce heretofore filed by the defend-
ant in the Eleventh Judicial Circuit Court, Monroe
county, state of Florida. The motion is made by the
plaintiff in said action for an order restraining the
defendant during the pendency of this action from
carrying on or taking any further steps in or in any-
wise further prosecuting said action for divorce in
the state of Florida. The plaintiff is a citizen and
a resident of the state of New York, and she con-
tends that the defendant is also a citizen and a resident
of the state of New York. The defendant, while he
admits that he formerly was a resident of the state
of New York, claims that he is now a resident of the
state of Florida, and has been a resident of said state
for upwards of two years prior to the month of April,
1921, when he instituted the action for divorce against
his wife now pending therein. The plaintiff and
defendant intermarried in the city of New York on
or about October, 1895, and it is conceded that they
lived together in the city of New York until some time
in the year 1919. The allegations of the plaintiff on
this fact are clear and definite. She asserts that after
their marriage and up to about September 1, 1916, they
resided at various places in the city of New York,
and that on or about September 1, 1916, they took up
their abode at No. 49 West Seventy-second street, in
the borough of Manhattan, city of New York, and there
resided as husband and wife until about September 20,
1919, when she claims her husband deserted her and
thereafter lived separate and apart from her at the
Ansonia Hotel and No. 230 West Seventy-ninth street.
The defendant, while he specifically denies that about
September 20, 1919, he deserted the plaintiff, does not
in terms deny that he and his wife lived together as
man and wife at No. 49 West Seventy-second street
up to September 20, 1919. The only denial of this

statement is what may be inferred from the allegations that he instituted the divorce suit in Florida in or about the month of April, 1921, and that he was then and had been for upwards of two years last past a resident of the state of Florida. It is not disputed that the defendant, in order to obtain a divorce from the plaintiff in the state of Florida, must have resided in that state for two years before filing the bill of complaint. The defendant's bill was not filed until April, 1921, and the proof as it now stands establishes that the plaintiff and defendant were living together as man and wife up to September 20, 1919. The failure to refute this fact is not an oversight on the defendant's part as it is stated in his counsel's brief that " no endeavor will be made here to satisfy this court that the defendant was a resident of the state of Florida for two years preceding the filing of the bill of complaint there, for that question is not one for the courts of the state of New York to decide." The plaintiff swears that prior to September, 1919, the defendant was at no time away from her for more than two weeks' duration except on one occasion, when he was not in Florida. He has been conducting the business of a stockbroker at No. 20 Exchange place during all this time, and it is not claimed that he has retired from said business up to the present day. There is no specific allegation by the defendant of the time he has been physically absent from New York city since September, 1919. While it is true that a man may have many residences and still have only one domicile, which is governed by his intention, the Florida statute requires two years' *residence* as a condition precedent to filing of the bill of divorce. The evidentiary proof submitted establishes *prima facie* that the defendant was not residing in the state of Florida for two years prior to April, 1919. Under

such circumstances has the plaintiff in this suit, who is domiciled in this state, a right to invoke the courts of this state to protect her against the illegal prosecution of her in another state by her husband, he being within this state and subject to the jurisdiction of the courts? This was the question which was presented in the case of *Forest* v. *Forest,* 2 Edm. 180, and it was answered in the affirmative. This seems to be the only New York state decision directly in point, although there are numerous decisions in the state of New Jersey which sustain the proposition. *Miller* v. *Miller,* 66 N. J. Eq. 436; *Houttinger* v. *Houttinger,* 43 Atl. Repr. 574; *Streitwolf* v. *Streitwolf,* 41 id. 876; *Von Bernuth* v. *Von Bernuth,* 73 id. 1049. It appears from the proof submitted that the defendant cannot obtain a judgment in the Florida suit which will be binding on the plaintiff. She should not therefore be subjected to the trouble of appearing in the Florida court to resist her husband's claim or of attacking such a decree as he might obtain when it is attempted to be enforced in this state. This court has power to restrain him from carrying on an inequitable, harassing and vexatious suit in another jurisdiction. This power is not predicated on the right to interfere with and control the course of proceedings in other tribunals, but the jurisdiction is founded on the authority vested in courts of equity over *persons* within the limits of their jurisdiction and amenable to process to restrain them from doing acts which will work an injury to others, and are therefore contrary to equity and good conscience. *Claflin & Co.* v. *Hamlin,* 62 How. Pr. 284; *Dehon* v. *Foster,* 4 Allen, 545; *Locomobile Co.* v. *American Bridge Co.,* 80 App. Div. 44, and other cases above cited. Motion for a preliminary injunction granted.

Ordered accordingly.